IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODNEY S. GREEN, #203949,    *
        Petitioner
   v.    * CIVIL ACTION NO. AMD-06-1681

WARDEN WILLIAM WILLIAMS, et al.,    *
        Respondents
           ***

MEMORANDUM

On October 5, 1999, this court received a 28 U.S.C. § 2254 petition for writ of habeas corpus attacking petitioner's 1989 convictions in the Circuit Court for Baltimore City. *See Green v. Moats, et al.*, Civil Action No. AMD-95-2988 (D. Md. 1995). The petition was denied on the merits on September 9, 1996. The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal on February 27, 1997.

On November 28, 2005, petitioner filed materials construed as a petition for writ of habeas corpus attacking his 1989 conviction.[1] *See Green v. Williams, et al.*, Civil Action No. AMD-05-3200 (D. Md.). On December 19, 2005, the court dismissed the petition as successive.

Petitioner has now filed this action pursuant to 28 U.S.C. § 2241. He claims that the Maryland courts have denied him due process, equal protection, and access to courts with regard to claims attacking the lawfulness of his confinement. While petitioner acknowledges that he received state court review of his convictions via a direct appeal and a 1991 post-conviction proceeding, he complains that in January 2005, the post-conviction court disposed of claims raised in his motion to reopen post-conviction proceedings without the appointment of counsel or a hearing. Petitioner further claims that a writ of mandamus filed with the Court of Appeals of Maryland to compel the

---

[1] The writ alleged that petitioner's rights were violated due to: (i) ineffective assistance of trial and appellate counsel; (ii) a jury verdict that did not properly examine justification and mitigation; and (iii) the state's failure to prove every element of the crime beyond a reasonable doubt. *See Green v. Williams, et al.*, Civil Action No. AMD-05-3200 (D. Md.) at Paper No. 1.

post-conviction court to "comply with the laws" under Maryland's Uniform Post-Conviction Procedure Act was denied on May 9, 2006.

Petitioner claims that a "liberty interest" has been created under Maryland's Post Conviction Procedure and Public Defender Acts, and he thus has a due process right to counsel and to a hearing with regard to his motion to reopen his state court collateral proceedings. He further alleges that the failure to provide him a post-conviction hearing and counsel on his motion to reopen violates equal protection and denies him meaningful access to the courts.

In seeking habeas corpus relief, petitioner asks the court to direct the State of Maryland to re-open the post-conviction proceedings, appoint counsel, and conduct a hearing on the allegations of error raised on collateral review. Petitioner seeks release from confinement if the State fails to take such action. Because he appears indigent, Petitioner shall be granted leave to proceed in forma pauperis. His petition shall, however, be dismissed without requiring an answer from respondents.

Although filed as a habeas writ, petitioner is raising neither a challenge to the execution of his state sentence nor a substantive attack on his 1989 convictions and sentences. Rather, he is raising a challenge to the state court's decision to deny his motion to reopen his post-conviction proceeding without hearing or the appointment of counsel and is seeking to compel the State court to vacate those decisions. This federal court has no jurisdiction to compel such action. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Moreover, to the extent that petitioner is seeking review of those decisions, this court lacks appellate jurisdiction over its state counterpart under the *Rooker-Feldman* doctrine.[2] *See* 28 U.S.C. § 1257. In addition, the court has examined petitioner's prior filings and the materials presented in this case, and fails to find

---

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). The effect of the Court's rulings in these cases is that a federal district court generally has no authority to review final judgments of a state court.

a violation of any right under Fourteenth Amendment. Petitioner was convicted in 1989, and had full access to direct appeal procedures. Further, his first petition for post-conviction relief proceeded before Baltimore City Circuit Court Judge John N. Prevas for a full hearing. The Maryland Post-Conviction Procedure Act ("Act") does not provide a right for appointment of counsel and hearing on a motion to reopen a post-conviction proceeding. Indeed, while the Act provides for the assistance of counsel and a hearing on the filing of the first petition,[3] it states that:

> If a person seeks to reopen a post-conviction proceeding under § 7-104 of this subtitle, the court shall determine whether assistance from counsel or a hearing should be granted.[4]

*See* Md. Code Ann., Crim. Proc., § 7-108(b)(1).

Petitioner was afforded access to all the remedies for collaterally challenging the validity of his criminal convictions or sentences. That the circuit judge exercised his discretion to deny the motion to reopen the post-conviction hearing without the appointment of counsel and hearing does not pose a due process, equal protection, or access-to-courts issue. For the foregoing reasons, the instant action shall be dismissed without requiring an answer from respondents. A separate Order follows.

Filed: August 4, 2006   \_\_/s/_____
                              Andre M. Davis
                              United States District Judge

---

[3] Maryland law only provides for the filing of one post-conviction petition for each trial or sentence. *See* Md. Code Ann., Crim. Proc., § 7-103.

[4] Md. Code Ann., Crim. Proc., § 7-104 provides that a "court *may* reopen a post-conviction proceeding that was previously concluded if the court determines that the action is in the interests of justice." (emphasis added).